**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4037

MATT HORVATH,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-91-76)

Submitted: November 6, 1997

Decided: November 24, 1997

Before WIDENER and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William C. Gallagher, CASSIDY, MYERS, COGAN, VOEGELIN &
TENNANT, L.C., Wheeling, West Virginia, for Appellant. William
D. Wilmoth, United States Attorney, Paul T. Camilletti, Assistant
United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Matt Horvath appeals from the district court's order revoking his supervised release and imposing an additional term of imprisonment. We affirm.

During the final six months of Horvath's supervision, his probation officer filed a petition to revoke his supervised release, alleging that Horvath had possessed marijuana, based on three positive urinalyses. After a hearing on the probation officer's motion, at which Horvath did not dispute the marijuana possession, the district court found by a preponderance of the evidence that Horvath violated the conditions of his supervised release. The court revoked Horvath's supervised release and sentenced him to a four-month term of imprisonment.

On appeal, Horvath challenges his sentence, contending that the court erred by not sentencing him to some type of alternative sentence, such as community confinement, intermittent confinement, or home detention. We reject Horvath's claim that the court had insufficient reason for sentencing him to prison. The court, in imposing sentence, noted that Horvath's violations did not entitle him to lenient treatment simply because they took place towards the end of his supervision period. In addition, the court took into consideration Horvath's arguments and imposed a sentence at the lowest end of the applicable guideline range. See 18 U.S.C.§ 3583(g) (1994) (imprisonment is mandatory when supervision is revoked for possession of controlled substance).

Accordingly, we affirm Horvath's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED